**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 6 2018

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JESSICA GUINN and ASHLEIGH WITT,**                      **PLAINTIFFS**
**Each Individually and on Behalf of**
**All Others Similarly Situated**


vs.                              No. 4:18-cv- 133 - DPM


**NEWBOLD SERVICES, LLC,**                               **DEFENDANTS**
**and IH SERVICES, INC.**  This case assigned to District Judge  _Marshall_
                          and to Magistrate Judge _Harris_

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Jessica Guinn and Ashleigh Witt ("Plaintiffs"), each

individually and on behalf of all others similarly situated, by and through their attorneys

Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for their Original

Complaint—Collective Action against Newbold Services, LLC, and IH Services, Inc.

(collectively referred to as "Defendants"), they do hereby state and allege as follows:

## I.    INTRODUCTION

1.    Plaintiffs, individually and on behalf of all others similarly situated, bring

this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and

the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for

declaratory judgment, monetary damages, liquidated damages, prejudgment interest,

and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay

Plaintiffs and all others similarly situated overtime wages as required by the FLSA and

AMWA.

2.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.     **JURISDICTION AND VENUE**

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

5.     Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.     Defendants conduct business within the State of Arkansas, providing facility management, janitorial, and cleaning services within the State of Arkansas.

7.     Plaintiff Jessica Guinn was employed by Defendants as an assistant account manager, performing services for Defendants in the Western Division of the Eastern District of Arkansas.

8.     Plaintiff Ashleigh Witt was employed by Defendants as a housekeeper, performing services for Defendants in the Western Division of the Eastern District of Arkansas.

9.     The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.   **THE PARTIES**

10.    Plaintiffs repeat and re-allege all of the preceding paragraphs of this Original Complaint as if fully set forth in this section.

11.    Plaintiff Jessica Guinn is a resident and citizen of Arizona.

12.    Plaintiff Jessica Guinn was employed by Defendants from about March of 2017, until December 17, 2017.

13.    Plaintiff Ashleigh Witt is a resident and citizen of London, Arkansas.

14.    Plaintiff Ashleigh Witt was employed by Defendants from about April 4, 2017, until January 23, 2018.

15.    At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

16.    Defendant Newbold Services, LLC, is a foreign for-profit limited liability company, created and existing under and by virtue of the laws of the State of South Carolina and registered to do business in the State of Arkansas.

17.    Defendant Newbold Services, LLC's registered agent for service of process is Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

18.    Defendant IH Services, Inc., is a foreign for-profit corporation, created and existing under and by virtue of the laws of the State of South Carolina and registered to do business in the State of Arkansas.

19.    Defendant IH Services, Inc.'s registered agent for service of process is Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

20.     Defendants maintain an office in Russellville.

21.     Defendants' corporate headquarters and principal address is 127 Tanner Road, Greenville, South Carolina 29607.

22.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

23.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

24.     Within the past three (3) years preceding the filing of this Complaint, Defendants continuously employed at least four employees, including Plaintiffs.

25.     Defendants' primary business purpose is to provide janitorial and facility maintenance services; Defendants employ hourly-paid workers to accomplish these goals.

26.     Defendants are "employers" within the meanings set forth in the FLSA and the AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employers.

27.     Defendant Newbold Services, LLC, is a subsidiary of Defendant IH Services, Inc., and together they operated their business in Arkansas.

28.     Defendants acted jointly as the employer of Plaintiffs and the proposed collective and class and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

29.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

30.     As a result of this unified operation control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

## IV.     **FACTUAL ALLEGATIONS**

31.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

32.     At all times relevant hereto, Plaintiffs worked for Defendants as hourly-paid employees who clean Defendants' customer locations, referred to herein for brevity as "site workers."

33.     Defendants classified Plaintiffs as hourly employees nonexempt from the overtime requirements of the FLSA and the AMWA.

34.     As site workers, Plaintiffs Guinn and Witt were responsible for performing various general janitorial tasks.

35.     Plaintiffs and other site workers regularly worked in excess of forty (40) hours per week.

36.     Defendants required site workers, including Plaintiffs, to take two (2) fifteen-minute breaks throughout their shifts.

37.     Defendants did not compensate site workers, including Plaintiffs, for each of these breaks throughout their shifts.

38.     Plaintiffs and other site workers were and are entitled to overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

39.     Defendants did not pay overtime wages to site workers, including Plaintiffs, for all of their hours worked in excess of forty (40) hours per week, even though Defendants were aware of those additional hours worked

40.     Defendants knew, or showed reckless disregard for whether the way they paid Plaintiffs and other site workers violated the FLSA and AMWA.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

### FLSA § 216(b) Collective

41.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.     Plaintiffs bring their FLSA claims on behalf of all hourly site workers employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

B.    Liquidated damages and attorneys' fees and costs.

44.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have or will file shortly Consents to Join this lawsuit.

45.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were paid hourly;

B.    They performed the same or similar job duties;

C.    They were classified by Defendants as non-exempt from the overtime requirements of the FLSA; and

D.    They were subject to Defendants' common policy of denying overtime pay for all hours worked over forty (40) per work week.

47.    Plaintiffs are unable to state the exact number of potential members of the FLSA Collective but believe that the group exceeds twenty (20) persons.

48.    In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

49.    Defendants can readily identify the members of the Section 16(b) Collective.  The names, physical addresses, email addresses and cell phone numbers

of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of the FLSA)

50.    Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully set forth herein.

51.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 20(a)(1).

52.    Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs one and one half (1.5) times their regular rates for all hours worked in excess of forty (40) hours per week during Plaintiffs' employment as described in this Complaint.

53.    Many work weeks, if not all work weeks, Plaintiffs worked more than forty (40) hours per week and were not paid overtime for their mandatory fifteen-minute breaks each day.

54.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

55.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, and costs,

including reasonable attorneys' fees as provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' Original Complaint.

56.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violations of the FLSA)

58.   Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully set forth herein.

59.   Plaintiffs assert this claim on behalf of all site workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for unpaid overtime compensation for all the hours she and they worked in excess of forty (40) each week.

60.   Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

61.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. § 20(a)(1).

62.    Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs and those similarly situated one and one half (1.5) times their regular rates for all hours worked in excess of forty (40) hours per week during their employment with Defendants as described in this Complaint.

63.    Many work weeks, if not all work weeks, Plaintiffs and those similarly situated worked more than forty (40) hours per week and were not paid overtime for their mandatory fifteen-minute breaks each day.

64.    Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid employees of Defendants within the past**
**three years who clean Defendants' customer site locations.**

65.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

66.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and those similarly situated for, and Plaintiffs and those similarly situated seek, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees as provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' Original Complaint.

67.    Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and those similarly situated are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and those similarly situated as provided by the FLSA, Plaintiffs and those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

69.     Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as though fully set forth herein.

70.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

71.     At all relevant times, Defendants were or have been Plaintiffs' "employers" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

72.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

73.     Defendants required Plaintiffs to work in excess of forty (40) hours in many if not all weeks, but failed to pay Plaintiffs overtime compensation for all of the hours in excess of forty (40) hours each week.

74.     Defendants' conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

75.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

76.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     EQUITABLE TOLLING

77.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in herein.

78.     The applicable statute of limitations for Plaintiffs' FLSA and AMWA causes of action should be tolled because strict application of the statute of limitations would be inequitable.

79.     Defendants, as employers with a duty to comply with the FLSA and AMWA and the means to do so, were and have at all relevant times been in a far superior position than Plaintiffs to understand the FLSA and AMWA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

80.     Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

81.     An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon*, 148 F.

Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

82.     Defendants failed to post all appropriate notices regarding the FLSA and AMWA.

## X.     **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs Jessica Guinn and Ashleigh Witt respectfully pray that Defendants be summoned to appear and to answer herein as follows:

(a)     That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

(b)     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(c)     A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(g)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

(h)     An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(i)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JESSICA GUINN and ASHELIGH
WITT, Each Individually and on
Behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:    Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

and    Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com