IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSICA GUINN, Each individually and
on behalf of all others similarly
situated; and ASHLEIGH WITT,
Each individually and on behalf of all
others similarly situated                                    PLAINTIFFS

v.                        No. 4:18-cv-133-DPM

NEWBOLD SERVICES, LLC,
And IH SERVICES, INC.                                        DEFENDANTS

## ORDER

Guinn and Witt cleaned industrial and commercial facilities for Newbold. While generally scheduled for four shifts of eleven hours each during the week, the workers often pulled extra shifts, especially when a power plant shut down for servicing. Guinn and Witt say that Newbold didn't pay them earned overtime. They also say they weren't paid for mandatory short breaks. Guinn and Witt allege that these were common Newbold practices. And they seek conditional certification of a nationwide group covering a three-year period. Newbold responds that a group limited to Russellville-based employees during most of 2017, but no longer, would be fine. The relationship between Newbold, IH, and the workers is disputed. The parties can explore it, and the

joint-employer issue, in discovery. Guinn and Witt's motion is granted with some changes.

Newbold may turn out to be correct that the break issue only existed only in Russellville and only between April and November 2017. But the workers' affidavits are broad enough to support claims arising during a longer period. This is especially so on the overtime. Other Russellville-based workers are in a substantially similarly position on both the breaks and the overtime. *Smith v. Frac Tech Services, LLC*, No. 4:09-cv-679-JLH (E.D. Ark. 24 Nov. 2009). Newbold is correct, however, that no sufficient showing for a nationwide group has been made. The Court therefore certifies this group conditionally:

> All persons who worked for Newbold Services, LLC, through this company's Russellville, Arkansas, location between 16 February 2015 and [*insert date, three years back from the mailing date*].

The Court directs group counsel to revise the notice forms to track this more-focused group. Posted notice at the facilities of Newbold's customers is not justified; Newbold must post the notice, though, in its own Russellville location. Notice to group members by U.S. mail or text (at group counsel's election) is fine. One follow-up by postcard or text is fine, too. Newbold need not provide email addresses. Newbold must provide contact information by 19 November 2018. The opt-in period will close on 28 February 2018.

* * *

Motion to conditionally certify, № 10, granted as modified. So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 November 2018